UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL SILVA PENA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00078-JRS-MG |
| | ) | |
| BRISON SWEARINGEN Head of the Clay County Justice Center, SAMUEL OLSON Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, KRISTI NOEM Secretary, U.S. Department of Homeland Security, PAMELA BONDI U.S. Attorney General, U.S. DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Daniel Silva Pena is a Venezuelan citizen currently detained at the Clay County Justice Center at the direction of U.S. Immigration and Customs Enforcement (ICE). Dkt. 1 ¶¶ 14, 23. Mr. Silva Pena now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 8.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on March 6, 2026**, Respondents must either: (1) afford Mr. Silva Pena an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Silva Pena from custody, under reasonable conditions of supervision.

1

I.  Background

Mr. Silva Pena entered the United States through Mexico on December 8, 2024. Dkt. 5-1 at 11. He applied for admission but did not have the proper entry documents. *Id.* He was issued a Notice to Appear and paroled into the United States. *Id.* at 1, 11.

On January 22, 2026, Mr. Silva Pena reported to an ICE kiosk, where he was detained by ICE officers. *Id.* at 8. ICE took Mr. Silva Pena into custody and issued him an I-200 Warrant for Arrest. *Id.*

The Notice to Appear charges Mr. Silva Pena with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant who, at the time of application for admission, is not in possession of a valid form of the required documentation. *Id.* at 4.

On February 5, 2026, an Immigration Judge denied bond, finding that he lacked jurisdiction to release Mr. Silva Pena on bond. *Id.* at 5.

II.  Discussion

Mr. Silva Pena claims that his current detention violates the Immigration and Nationality Act (INA). Dkt. 1 ¶¶ 30–32. Respondents argue that Mr. Silva Pena is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. 5.

The Court finds that Mr. Silva Pena's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded an individualized bond hearing. Because Mr. Silva Pena is entitled to habeas corpus relief on these grounds, the Court does not address his other arguments.[1]

---

[1] Specifically, Mr. Silva Pena argues that he is a class member entitled to relief through the declaratory judgment the Central District of California issued in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM. In that case, the district court certified a class under Federal Rule 23(b)(2) that seemingly would include Mr. Silva Pena and held that DHS's widespread application of § 1225(b)(2) was contrary to the INA, vacating DHS's Policy under the Administrative Procedure Act, and entering final judgment. *Bautista v. Santacruz*, 2025 WL 3713981, *32 (C.D. Cal. Dec. 18, 2025). The applicability of *Maldonado Bautista*

2

### A. 8 U.S.C. §§ 1226 and 1225

The parties agree that at issue in this case are 8 U.S.C. § 1226 and § 1225.[2] While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on—
>>
>>> (A) bond . . . ; or
>>>
>>> (B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that

---

to resolve habeas actions outside the Central District of California is unclear. In *Trump v. J.G.G.*, the Supreme Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Because the Court finds that Mr. Silva Pena is entitled to habeas relief on the statutory argument, it need not resolve whether he is also entitled to relief under *Maldonado Bautista*.

[2] Given the parties' agreement on this issue, the Court does not consider whether other provisions of the INA apply.

aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . )." 8 U.S.C. § 1225(a)(1). In other words, noncitizens

4

subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Silva Pena Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Silva Pena is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Silva Pena who were living in the interior of the United States when detained. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Sandoval v. Crowley*, No. 2:25-cv-560-JRS-MKK, 2025 WL 3760760, at *3–6 (S.D. Ind. Dec. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[3] *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19; *Sandoval*, 2025 WL 3760760, at *3–6.

The respondents here cite non-binding contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 5 at 1. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[4]

---

[3] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply.

[4] Respondents offer a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *See* dkt. 5 at 4. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava v. U.S. Dep't of Homeland Sec.*,

Accordingly, the Court concludes that Mr. Silva Pena is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### III. Scope of Relief

Mr. Silva Pena is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Silva Pena requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 8. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Silva Pena's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

### IV. Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on March 6, 2026**, Respondents must either: (1) provide Mr. Silva Pena with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Silva Pena from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on March 9, 2026**, Respondents must file documentation certifying that they have provided Mr. Silva Pena with a bond hearing, **including apprising the Court of the results of the hearing**. If

---

161 F.4th 1048, 1061 (7th Cir. 2025), as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

Respondents release Mr. Silva Pena, then they must file documentation certifying his release. The **clerk is directed** to enter final judgment.

    **SO ORDERED.**

Date: 02/27/2026

                        JAMES R. SWEENEY II, CHIEF JUDGE
                        United States District Court
                        Southern District of Indiana

Distribution:

All electronically registered counsel